UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21010-CR-MARTINEZ (s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEAN RENE DUPERVAL,

    Defendant.
_____/

## ORDER DENYING MOTION FOR BOND PENDING SENTENCING

This matter arose upon Defendant JEAN RENE DUPERVAL's request to remain on bond pending sentencing (DE # 787). The Honorable Jose E. Martinez, United States District Judge has referred this matter to the undersigned Magistrate Judge (DE # 796). The Government has responded in opposition (DE # 795). A hearing was held on April 25, 2012. At the hearing, the undersigned orally denied the motion, and stated her reasons on the record. This Order summarizes that ruling.

Defendant JEAN RENE DUPERVAL was charged in Counts 8 through 28 of the Second Superseding Indictment for conspiring to commit, and committing money laundering in connection with violations of the Foreign Corrupt Practices Act. He proceeded to a jury trial, at which he testified, and he was convicted of all 21 counts. The maximum sentence which can be imposed is twenty years of incarceration on each count. Sentencing is set for May 21, 2012.

Title 18, United States Code, Section 3143(a) governs the circumstances under which the Court can order the release of a defendant who has been found guilty and is awaiting the imposition of sentence. That statute provides, in pertinent part:

> [T]he judicial officer shall order that a person who has been
> found guilty of an offense and who is awaiting imposition or

> execution of sentence, other than a person for whom the
> applicable guideline ... does not recommend a term of
> imprisonment, be detained, unless the judicial officer finds
> by clear and convincing evidence that the person is not likely
> to flee or pose a danger to the safety of any other person or
> the community if released under section 3142(b) or (c). If the
> judicial officer makes such a finding, such judicial officer
> shall order the release of the person in accordance with
> section 3142(b) or (c).

Prior to his conviction, Mr. Duperval had been released on a $525,000.00 personal surety bond co-signed by his wife; a $75,000.00 10% bond, and a $400,000.00 personal surety bond co-signed by seven individuals who owned property with equity exceeding this amount, at least as of January 2010, when the bond was approved.[1] The present value of this property was not proffered. In addition, the Court set various non-financial conditions of release.

The Government opposes the release of Mr. Duperval on the ground that he poses too great a risk of non-appearance to permit his continued release. There is no contention that Mr. Duperval failed to comply with any of the conditions of his release. However, the burden of proving by clear and convincing evidence that he will appear as required at sentencing has now shifted to Mr. Duperval. For the reasons stated at the hearing, and summarized below, the undersigned finds that he has failed to meet this burden.

Mr. Duperval is a citizen and national of Haiti, and resided in Haiti prior to his indictment in this case. He was expelled from Haiti to face these charges, which involve his receipt of money while acting as a government official of Haiti. He and his wife are

---

[1] This bond was set by now-retired Magistrate Judge Brown, after a contested hearing. The undersigned did not have the benefit of a transcript of those proceedings, and the parties therefore were permitted to proffer all relevant facts elicited at that hearing.

legal permanent residents of the United States, however, and at the time of his expulsion they owned a second home in Miramar.  Mr. Duperval has resided at this home since his release on bond.  In addition, his wife, children, and mother reside there also, and his children all attend school here in the United States.  He and his wife have operated an immigration business during the pendency of this case, primarily serving Haitian nationals.  His position in Haiti at the time of the events relevant to this Indictment was as the Director of International Relations of Haiti Teleco, as a result of which he had extensive foreign contacts.  The undersigned finds that he has family members and close friends in this country, but also has significant international contacts.

Perhaps the predominant factor regarding his risk of flight, however, are the facts that he is subject to almost certain deportation based on this conviction and that the probation office has calculated his sentencing guideline range to be between 108 and 135 months.  These facts provide a strong incentive to flee.  Moreover, although defense counsel intends to challenge this calculation, even under the defense counsel's computation, the defendant still faces years in prison–defense counsel gave a best-case scenario ballpark estimate of a guideline range of between 41 and 51 months.

Thus, despite the apparent willingness of the initial co-signers of his bond to remain as sureties, and the significant value of their property, the undersigned finds that the defendant has failed to establish by clear and convincing evidence that he will appear at sentencing if released.

Therefore, based upon the above proceedings, it is hereby

**ORDERED AND ADJUDGED** that Defendant JEAN RENE DUPERVAL's request to remain on bond pending sentencing is **DENIED**.

**DONE AND ORDERED** in Miami, Florida on May 2, 2012.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
The Honorable Jose E. Martinez
    United States District Judge
All Counsel of Record